JS 44 (Rev. 06/) **CIVIL COVER SHEET** 18-cv-286

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Dominico Mirarchi
Emelia Mirarchi

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Conrad J. Benedetto
Conrad J. Benedetto
1615 S. Broad Street, Philadelphia PA 19148. 215-389-1900

## DEFENDANTS
18-286

County of Residence of First Listed Defendant: Dauphin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** / **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations / ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act / ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 751 Family and Medical Leave Act / ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 790 Other Labor Litigation / ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Excessive use of force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** in excess of $100,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/23/18
SIGNATURE OF ATTORNEY OF RECORD: /s/ Conrad J. Benedetto

JAN 23 2018

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**18  286**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1212 Wolf Street Philadelphia PA 19148

Address of Defendant: 1800 Elmerton Ave Harrisburg PA 17110

Place of Accident, Incident or Transaction: Philadelphia, PA
(Use Reverse Side For Additional Space)

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☑

Does this case involve multidistrict litigation possibilities?  Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☑ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

---

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Conrad J. Benedetto, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 1/23/18    Conrad F. Benedetto    PA307464 ~~61649~~ 34666
Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JAN 23 2018

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/23/18    Conrad J. Benedetto    34666
Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Dominico Mirarchi
Emelia Mirarchi
    v.
Pennsylvania State Police
et al.

CIVIL ACTION

NO. **18 286**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.

| Date | Attorney-at-law | Attorney for |
|---|---|---|
| 1/23/18 | Conrad J Benedetto | Dominico Mirarchi |
| **Telephone** 215 389 1900 | **FAX Number** | **E-Mail Address** CJBenedetto@benedettolaw.com |

(Civ. 660) 10/02

JAN 23 2018




# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINICO MIRARCHI and EMELIA MIRARCHI, <br><br>         Plaintiffs <br><br> v. <br><br> THE PENNSYLVANIA STATE POLICE, PENNSYLVANIA STATE POLICE TROOPER MICHAEL PERILLO, and PENNSYLVANIA STATE POLICE TROOP K BARRACKS COMMANDER BRUCE WILLIAMS, <br>         Defendants | CIVIL ACTION <br> CASE NO.  **18  286** <br><br><br><br> **COMPLAINT** |

**NOW COMES,** Plaintiffs, by and through the undersigned Counsel, and hereby brings this Complaint against Defendants as follows:

### INTRODUCTORY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived Plaintiff of his rights secured by the Constitution and laws of the United States of America.

2. In particular, on January 26, 2016, Defendant Pennsylvania State Police Trooper Michael Perillo violated the rights of Dominico Mirarchi by assaulting him in violation of the Eighth Amendment and Fourteenth Amendment to the United States Constitution.

3. In addition, this action is brought by Plaintiffs against Defendants under

Pennsylvania common law.

## JURISDICTION AND VENUE

4. Plaintiffs' case arises under the Constitution and laws of the United States, specifically, the Eighth and Fourteenth Amendments to the United States Constitution

5. Plaintiffs' suit is authorized by 42 U.S.C. § 1983 (allowing suit to correct constitutional violations) and 42 U.S.C. § 1988 (providing for attorney fees and litigation expense-awards).

6. This Court has jurisdiction over Plaintiff's federal constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

7. This case also arises under the common law of the Commonwealth of Pennsylvania.

8. This Court has pendant jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367.

9. Venue is proper under 28 U.S.C. § 1391 in that the incident took place in County of Philadelphia, Pennsylvania, and upon information and belief, the individual Defendants reside in or around the County of Philadelphia, Pennsylvania.

## PARTIES

10. Plaintiff, Dominico Mirarchi, is an adult individual residing at 1212 Wolf Street in Philadelphia, Pennsylvania 19148.

11. Plaintiff, Emelia Mirarchi, is an adult individual residing at 1212 Wolf Street in

Philadelphia, Pennsylvania 19148. At all times material hereto, she was the wife of Plaintiff Dominico Mirarchi.

12. Defendant, the Pennsylvania State Police is a separate legal entity, agency and/or corporation and a body politic whose creation and existence was duly authorized by the Acts of the Assembly of the Commonwealth of Pennsylvania, with a principal place of business located 1800 Elmerton Avenue, Harrisburg, Pennsylvania, 17110.

13. Defendant, Pennsylvania State Police Trooper Michael Perillo, ("Defendant Perillo"), operating PSP Cruiser "K 11", is an adult individual who, at all times material to this complaint, was employed by the Pennsylvania State Police and assigned to the Troop K Barracks located at 2201 Belmont Avenue, in Philadelphia, Pennsylvania 19131. He is sued in his individual capacity. None of Defendant Perillo's actions were privileged, or in the alternative, any privilege which would have otherwise attached was lost through abuse of a conditionally privileged occasion.

14. Defendant, Pennsylvania State Police Commander Bruce W. Williams ("Defendant Williams"), is an adult individual who, at all times material to this complain, was commander of the Troop K Barracks located at 2201 Belmont Avenue, in Philadelphia, Pennsylvania 19131. He is sued in his official and individual capacity. None of Defendant Commander's actions were privileged, or in the alternative, any privilege which would have otherwise attached was lost through abuse of a conditionally privileged occasion.

## FACTS

15. On January 24, 2016, Plaintiff, Dominico Mirarchi, then seventy-five (75) years of age, was walking northbound along the shoulder of I-95 in Philadelphia,

Pennsylvania. Plaintiff was traveling by foot to feed his goats, which were kept on land made inaccessible by car due to a recent snow and ice event.

16. Defendant Perillo, in PSP Cruiser K 11, stopped alongside Plaintiff, exited his vehicle, and, without justifiable cause, drew his firearm against Plaintiff.

17. Plaintiff, who has difficulty communicating in English, put his hands in the air upon seeing Defendant Perillo's firearm pointed at him.

18. Defendant Perillo then placed Plaintiff in handcuffs, which he applied tightly causing Plaintiff to sustain visible abrasions to his right wrist.

19. Defendant Perillo searched Plaintiff's person and confiscated a pocket knife which was never returned to him.

20. Once in handcuffs, Defendant Perillo violently threw Plaintiff at the rear seat door of his police cruiser and took Plaintiff into custody.

21. As a result of Defendant Perillo's aforesaid malicious and intentional acts, Plaintiff suffered a concussion, post-concussion headaches, cervical spine sprain and strain, trapezius sprain and strain, right wrist abrasions, and other injuries to his head, face and body.

22. Plaintiff, then seventy-five years of age, did not pose an immediate threat to the safety of Defendant Perillo or anyone else. The force used against Plaintiff was excessive and unreasonable under the circumstances.

23. Despite drawing his fire arm, handcuffing Plaintiff, and taking him into custody, Defendant Perillo did not issue Plaintiff any citations or charge him with any crime.

24. On the following day of this incident, Plaintiff went to the Pennsylvania State Police Troop K Barracks at Belmont Avenue in Philadelphia, Pennsylvania to make a complaint based on Defendant Perillo's conduct. Plaintiff was intentionally misled by a member of the Pennsylvania State Police Troop K that he would need an attorney to

make any type of complaint relating to Defendant Perillo's conduct.

## CAUSES OF ACTION

### COUNT I
### PLAINTIFF DOMINICO MIRARCHI v.
### DEFENDANT MICHAEL PERILLO
### VIOLATION OF FEDERAL CIVIL RIGHTS
### PURSUANT TO 42 U.S.C. § 1983

25. Plaintiff, Dominico Mirarchi, repeats the allegations of the previous paragraphs as if set forth at length herein.

26. Plaintiff bases his 42 U.S.C. § 1983 claim on the deprivation of the following rights:

   a. Right to be free from unwarranted arrest under the *Forth Amendment of the United States Constitution;*

   b. Right to be free from unreasonable search and seizure under the *Fourth Amendment;*

   c. Right to be free from the use of excessive force or force that is not reasonably necessary;

27. Defendant Perillo violated Plaintiff's Constitutional Rights in acting with complete indifference to the physical, psychological and emotional conditions and well-being of Plaintiff during and following this particular incident.

28. Defendant Perillo's violation of Plaintiff's Constitutional Rights were apparent in light of clearly established law and information which Defendant Perillo possessed.

29. Defendant Perillo was acting within the scope of his employment with the Pennsylvania State Police, by and through the authority vested in him by the Commonwealth of Pennsylvania and under the color of state law.

30. As a result of the aforementioned occurrence, and due to intentional and willful acts

of Defendant Perillo, Plaintiff has suffered and will in the future suffer severe emotional distress, bodily injury, pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, past and future medical expenses, hospitalization, nursing, and rehabilitative expenses and physical restrictions and impairments.

31. .Defendant Perillo's conduct was such a reckless disregard for the constitutional rights of Plaintiff that it would be proper to award Plaintiff punitive and exemplary damages.

WHEREFORE, Plaintiff Dominico Mirarchi seeks judgment against Defendant Michael Perillo in an amount in excess of One Hundred Thousand ($100,0000.00) Dollars plus interest, cost, attorney's fees, and punitive and exemplary damages.

## COUNT II
## PLAINTIFF DOMINICO MIRARCHI v. DEFENDANTS PENNSYLVANIA STATE POLICE AND PENNSYLVANIA STATE POLICE COMMANDER BRUCE WILLIAMS
## VIOLATIONS OF 42 U.S.C. 1983

32. Plaintiff, Dominico Mirarchi, incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

33. Defendant Pennsylvania State Police, by and through Defendant Williams, developed polices and/or customs which caused the deprivation of Plaintiff's constitutional rights.

34. Said policies were inherently deficient, which caused the unlawful assault upon Plaintiff.

35. Defendant Pennsylvania State Police, by and through Defendant Williams, negligently, recklessly, and/or intentionally:

    a.    failed to properly train Defendant Perillo with regard to the use of force;

    b.    failed to properly supervise Defendant Perillo with regard to the use of force; *and*

    c.    maintained polices and/or customs that were deliberately indifferent to individuals' constitutional rights, in that upon learning of the incident involving Plaintiff and Defendant Perillo the Defendants intentionally misled Plaintiff, a non-native English speaker, to believe he would need an attorney to make any type of complaint.

WHEREFORE, Plaintiff seeks judgment against Defendants in an amount in excess of One Hundred Thousand ($100,0000.00) Dollars plus interest, cost, attorney's fees, and punitive and exemplary damages.

## COUNT III
## PLAINTIFF DOMINICO MIRARCHI v. DEFENDANT MICHAEL PERILLO
## ASSAULT AND BATTERY

36. Plaintiff, Dominico Mirarchi repeats the allegations of the previous paragraphs as if set forth at length herein.

37. Defendant Perillo's actions, as outlined above, were done with the intent to cause a harmful or offensive contact with Plaintiff's person, or an imminent apprehension of such a contact.

38. As a result, Plaintiff was put in such imminent apprehension, and thus assaulted by Defendant Perillo.

39. The assault of Plaintiff's person and actual, non-consensual contact by Defendant Perillo constituted battery.

40. As a result of the aforementioned occurrence, and due to the intentional and willful acts

of Defendant, Plaintiff suffered a concussion, post-concussion headaches, cervical spine sprain and strain, trapezius sprain and strain, right wrist abrasions, and other injuries to his head, face and body.

41. As a result of the aforementioned occurrence, and due to intention and willful acts of the Defendant Perillo, Plaintiff has suffered and will in the future suffer severe emotional distress, bodily injury, pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, past and future medical expenses, hospitalization, nursing, and rehabilitative expenses and physical restrictions and impairments.

WHEREFORE, Plaintiff, Dominico Mirarchi, seeks judgment against Defendant in an amount in excess of One Hundred Thousand ($100,0000.00) Dollars plus interest, cost, attorney's fees, and punitive and exemplary damages.

### COUNT IV
### PLAINTIFF DOMINICO MIRARCHI v. DEFENDANT MICHAEL PERILLO
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff, Dominic Mirarchi, repeats the allegations of the previous paragraphs if set forth at length herein.

43. The aforesaid actions of Defendant Perillo were extreme and outrageous, and went beyond all standards of human decency.

44. Defendant Perillo intended to cause severe emotional distress to Plaintiff.

45. As a result of the aforementioned occurrence, and due to intention and willful acts of the Defendant Perillo, Plaintiff has suffered and will in the future suffer severe emotional distress, bodily injury, pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, past and

future medical expenses, hospitalization, nursing, and rehabilitative expenses and physical restrictions and impairments.

WHEREFORE, Plaintiff Dominico Mirarchi seeks judgment against Defendant Michael Perillo in an amount in excess of One Hundred Thousand ($100,0000.00) Dollars plus interest, cost, attorney's fees, and punitive and exemplary damages.

## COUNT V
## PLAINTIFFS v. ALL DEFENDANTS
## LOSS OF CONSORTIUM

46. Plaintiffs, Dominico and Emelia Mirarchi, repeats the allegations of the previous paragraph if set forth at length herein.

47. At the time of the incident complained of in Plaintiffs' Complaint, the Plaintiffs' were married and continue to be married.

48. As a result of the Defendants' Constitutional violations and Defendant Michael Perillo's intentional actions, the Plaintiffs were caused and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance and conjugal fellowship, all to the detriment of their marital relationship.

49. All the aforesaid injuries and damages were caused solely and proximately by the actions of Defendants.

WHEREFORE, Plaintiffs, Dominico and Emilia Mirarchi, seek judgment against all Defendants in an amount in excess of One Hundred Thousand ($100,0000.00) Dollars plus interest, cost, attorney's fees, and punitive and exemplary damages.

## JURY DEMAND

Plaintiff Demands Trial by Jury as to all issues.

LAW OFFICES OF CONRAD J. BENEDETTO

BY: _____
Conrad J. Benedetto, Esquire
ID No.:
Attorney for Plaintiffs
1615 S. Broad Street
Philadelphia, Pa. 19148
215-389-1900 Ext: 105
215-271-8910 – Fax
Email: cjbenedetto@benedettolaw.com

Dated: January 22, 2018