# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOMINICO MIRARCHI** and **EMELIA MIRARCHI**, Plaintiffs, v. **THE PENNSYLVANIA STATE POLICE, MICHAEL PERILLO**, Pennsylvania State Police Trooper, and **BRUCE WILLIAMS**, Pennsylvania State Police Troop K Barracks Commander, Defendants. | CIVIL ACTION NO. 18-286 |

DuBois, J.                                                                  August 10, 2018

## **M E M O R A N D U M**

### I.    INTRODUCTION

In this suit arising under 42 U.S.C. § 1983, plaintiff Dominico Miriarchi[1] alleges that a Pennsylvania State Police trooper used excessive force in arresting him in violation of plaintiff's Fourth and Fourteenth Amendment rights. The defendants are Officer Michael Perillo, the Pennsylvania State Police Trooper alleged to have injured plaintiff during the course of the arrest; Commander Bruce Williams, Perillo's supervisor; and the Pennsylvania State Police ("PSP"). Pending before the Court is defendants' Motion to Dismiss. For the reasons that follow, the Motion to Dismiss is granted in part and denied in part.

### II.    BACKGROUND

The facts as alleged in the Complaint are as follows. On January 26, 2016, plaintiff, a

---

[1] Plaintiff Emelia Mirarchi is a party with respect to Count V only, for loss of consortium. Accordingly, this Memorandum refers to Dominico Mirarchi as "plaintiff."

1

seventy-five (75) year-old man, was travelling by foot along I-95 during a snow and ice storm when he was stopped by Perillo. Compl. ¶¶ 15, 16. Perillo drew his firearm and in response, plaintiff put his hands in the air. *Id.* ¶¶ 16, 17. Perillo then handcuffed plaintiff, threw him violently at the rear door of the police vehicle. *Id.* at 20. Plaintiff was not issued any citation or charged with a crime. *Id.* ¶ 23. As a consequence of the arrest, plaintiff claims he sustained numerous injuries, including a concussion, post-concussion headaches, cervical spine sprain and strain, trapezius spine sprain and strain, and abrasions on his wrist and body. *Id.* ¶ 21.

Plaintiff asserts claims under § 1983 against Perillo (Count I) and the PSP and Williams (Count II). He also asserts claims for assault and battery and intentional infliction of emotional distress against Perillo. (Counts III & IV). Finally, in Count V, plaintiff and his wife assert a claim for loss of consortium.

### III. APPLICABLE LAW

#### a. Rule 12(b)(6): Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss. To survive a motion to dismiss, the complaint must allege facts that "'raise a right to relief above the speculative level.'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court

then assesses the remaining "'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether the complaint states a plausible claim for relief. *Id.*

### b. 12(b)(1): Lack of Subject Matter Jurisdiction

A motion to dismiss pursuant to the Eleventh Amendment is properly brought under Federal Rule of Civil Procedure 12(b)(1). *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). Rule 12(b)(1) provides that a court may dismiss a complaint for "lack of jurisdiction over the subject matter" of a case. Plaintiff has the burden of establishing subject matter jurisdiction. *See Carpet Group Int.'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

"In evaluating a Rule 12(b)(1) motion, the Court first must determine whether the motion attacks the complaint on its face or on its facts." *McCurdy v. Esmonde*, 2003 WL 223412, at * 4 (E.D. Pa. Jan. 30, 2003). "A facial challenge under Rule 12(b)(1) argues that the complaint fails to allege subject matter jurisdiction, or contains defects in the jurisdictional allegations." *Id.* (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1250, at 212 – 18 (2d ed. 1990)). In contrast, an "in fact" challenge under Rule 12(b)(1) disputes "the existence of certain jurisdictional facts alleged by the plaintiff[]." *Carpet Group Int'l*, 227 F.3d at 69.

### IV. DISCUSSION

#### a. Claims Against Perillo

In Count I, Plaintiff claims that Perillo is liable under 42 U.S.C. §1983 for violating his civil rights under the Fourth and Fourteenth Amendment.[2] Defendant argues that this claim must be dismissed pursuant to Rule 12(b)(6). In Counts III and IV, plaintiff asserts tort claims against

---

[2] The Court notes that the Complaint states in the introduction that plaintiff asserts claims under the Eighth and Fourteenth Amendments, Count I states that Perillo violated his rights under the Fourth Amendment. *See* Compl. at ¶¶2, 26. There are no claims asserted under the Eighth and Fourteenth Amendments.

Perillo for assault and battery and intentional infliction of emotional distress.[3] Defendant argues that these claims must be dismissed pursuant to Rule 12(b)(1). The Court addresses these Counts in turn.

### i. § 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, acting under color of state law, deprived him of a right secured by the United States Constitution or federal law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Claims that law enforcement officers used excessive force in violation of the Fourth Amendment must be analyzed under the objective reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 393–95 (1989). "The test for objective reasonableness 'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is attempting to evade arrest by flight." *Bieros v. Nicola*, 860 F.Supp. 226, 230 (E.D. Pa. 1994) (quoting *Graham*, 490 U.S. at 394)). Whether the use of force was objectively reasonable must be judged from the perspective of a reasonable officer at the scene, rather than with the benefit of hindsight. *Id.*

Defendants asserts that plaintiff's claim in Count I, which asserts that Perillo violated plaintiff's Fourth Amendment rights, must be dismissed because Perillo's actions were objectively reasonable. Specifically, defendants claim that Perillo acted reasonably in light of the fact that plaintiff "has difficulty communicating in English," Compl. ¶ 17, and that plaintiff was walking along the highway during a snowstorm, which had the potential to cause a danger to plaintiff himself and to nearby drivers.

---

[3] In Count V, plaintiff and his wife assert a claim for loss of consortium against Perillo.

Plaintiff is seventy-five years old. He asserts that he was traveling by foot along I-95 during a snow and ice storm when Perillo stopped him. According to plaintiff, he put his hands in the air as Perillo approached with his weapon drawn. Perillo subsequently threw him into the rear door of his police cruiser, causing him to sustain multiple injuries. There is nothing to suggest that plaintiff had committed a crime or that he posed an immediate threat to the safety of any person. Accepting plaintiff's allegations as true, as the Court must do at this stage of the litigation, plaintiff has alleged sufficient facts to show that Perillo's actions constituted excessive use of force and were unreasonable under the Fourth Amendment. *See Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004) ("The reasonableness of the use of force is normally an issue for the jury.")).

### ii. Counts III, IV, & V

In Counts III & IV, plaintiff asserts claims against Perillo for assault and battery and intentional infliction of emotional distress. Plaintiff's wife also asserts a claim for loss of consortium in Count V, which derives from plaintiff's tort claims. Defendants assert that these claims must be dismissed for lack of jurisdiction because they are barred by the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA").

"The PSTCA provides legal immunity for government bodies and their employees unless their actions fall within certain enumerated exceptions."[4] *Pelzer v. City of Philadelphia*, 656 F. Supp.2d 517, 538 (E.D. Pa. 2009). PSTCA immunity does not extend to an employee whose conduct constituted "a crime, actual fraud, actual malice, or willful misconduct." *Id.* (quoting 42 Pa. Con. Stat. Ann. § 8550)).

---

[4] The Pennsylvania legislature has waived sovereign immunity in only nine limited circumstances: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. *See* 42 Pa.C.S.A. § 8522(b).

5

Notwithstanding plaintiff's assertion in the Complaint that Perillo "was acting within the scope of his employment," Compl. ¶ 29, plaintiff alleges in Counts III and IV that Perillo acted intentionally and willfully, with the intent to harm plaintiff. Compl. ¶ 40, 45. With respect to Count III for assault and battery, "[t]he appropriate standard for determining an officer's potential liability for assault and battery when making an arrest is whether excessive or unreasonable force was used in effectuating that arrest." *Torres v. Allentown Police Dep't.*, No. 13-CV-3066, 2014 WL 4081477, at* 10 (E.D. Pa. Aug. 18, 2014) (quoting *Glass v. City of Phila.*, 455 F.Supp.2d 302, 366 (E.D. Pa. 2006)). As with plaintiff's excessive force claim, plaintiff's claim for assault and battery is sufficient to withstand dismissal at this stage of the proceedings.

To succeed on a claim for intentional infliction of emotional distress, plaintiff must prove "conduct . . . so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Carter-Herman v. City of Philadelphia*, No. 95-CV-4030, 1995 WL 764574, at *6 (E.D. Pa. Dec. 21, 1995)(quoting *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1998)). Whether conduct is sufficiently outrageous to result in liability is generally a question for the jury. *Id.* (citing RESTATEMENT (SECOND) OF TORTS § 46, comment h). Accepting all allegations in the amended complaint and all reasonable inferences therefrom, the Court concludes that plaintiff alleges willful misconduct on the part of Perillo and that his claim for intentional infliction of emotional distress cannot be dismissed at the pleading stage. Because the claim for loss of consortium is a derivative claim, the Motion is also denied with respect to Count V.

### b. Claims Against PSP and Williams

Defendants asserts that plaintiff's §1983 claims against PSP and Williams must be dismissed under Rule 12(b)(1) because it is barred by the Eleventh Amendment to the Constitution, which precludes suits by private parties against states, state agencies, and state officials in their official capacity absent consent by the state. In response to the motion to dismiss, plaintiff does not address the argument that the claims against PSP and Williams should be dismissed. [5]

Plaintiff's failure to respond to defendants' arguments that the claims against PSP and Williams should be dismissed constitutes an admission of the validity of those arguments. *See Campbell v. Jefferson Univ. Physicians*, 22 F.Supp.2d 478, 487 (E.D.Pa. 2014) ("where a non-moving party fails to address the 'substance of any challenge to particular claims, that failure 'constitutes an abandonment of [those] causes of action and essentially acts as a waiver of [those] issues.'"); *Smith v. City of Philadelphia*, No. 09-CV-149, 2009 WL 792341, at *5 (E.D. Pa. Mar. 25, 2009) (dismissing plaintiff's claims for failure to respond to defendant's arguments); *Cook v. West Homestead Police Dep't.*, No. 16-CV-1292, 2017 WL 1550190, at *3 (W.D. Pa. May 1, 2017) (interpreting plaintiff's failure to respond to defendant's arguments for dismissal as concession of those arguments)). Moreover, states and state officials acting in their official capacity are not considered "persons" for the purpose of § 1983 liability. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989); *see also Akl v. Pennsylvania State Police Troop K-Delaware County*, No. 16-CV-1096, 2016 WL 5341744, at *3 (E.D.Pa. Sept. 23, 2016) (stating

---

[5] The Court also notes that the proposed Order attached to plaintiff's response, plaintiff states that the claims against defendants PSP and Williams should be denied with prejudice.

that Pennsylvania State Police is "an arm of the Commonwealth of Pennsylvania" entitled to immunity)). [6] Count II is dismissed for those reasons.

## V. CONCLUSION

For all of the foregoing reasons, defendants' Motion to Dismiss is granted with respect to Count II and denied in all other respects. An appropriate order follows.

---

[6] Plaintiff also fails to state a claim against Williams in his individual capacity. The Complaint does not allege that Williams is a policymaker or that Williams "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3rd Cir. 2004) (stating that supervisory liability attaches in two circumstances: (1) where a policymaker acts "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm" or (2) where the supervisor "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations.")).